# IN THE COURT OF APPEALS OF IOWA

No. 18-1254
Filed March 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH ERIC FUNKE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Joseph Funke appeals the sentence entered following his guilty plea to possession of methamphetamine, third offense. **AFFIRMED.**

Tabitha L. Turner of Turner Law Firm, PLLC, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Judge.**

Joseph Funke pled guilty to possession of a controlled substance (methamphetamine), third offense. *See* Iowa Code section 124.401(5) (2017). The district court adjudged him guilty of the crime and sentenced him to prison, with the sentence to be served consecutively to a sentence for a separate crime, for a term not exceeding seven years.

On appeal, Funke contends the district court abused its discretion in imposing a prison term. *See State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015) (setting forth standard of review). He suggests "there were additional options available which would have provided more structure for [him] and possibl[y] aided in his rehabilitation effort."

The district court addressed this issue. The court noted that Funke could have received probation rather than prison time as he requested had he simply continued in the treatment program he was attending when the presentence investigator interviewed him. However, the day before his originally scheduled sentencing hearing, Funke was "booted out of the treatment program." He failed to appear for sentencing.[1] The court queried, "[W]hy would I think you're going to make it through a treatment program if you can't even make it through the treatment program while you're awaiting your sentencing hearing?" The court concluded Funke was not "a good risk" and a prison sentence might serve as a "wake-up call" to move towards rehabilitation.

---

[1] A warrant was issued for Funke's arrest, and the sentencing hearing was rescheduled.

We discern no abuse of discretion in the district court's sentencing decision. Accordingly, we affirm his conviction, judgment and sentence for possession of methamphetamine third offense.

**AFFIRMED.**